09-5115-ag
Li v. Holder

BIA
Nelson, IJ
A096 263 774

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17ᵗʰ day of August, two thousand ten.

PRESENT:
ROGER J. MINER,
GUIDO CALABRESI,
DEBRA ANN LIVINGSTON,
*Circuit Judges*.

_____

PING LONG LI,
*Petitioner*,

v.                                          09-5115-ag
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
*Respondent*.

_____

FOR PETITIONER:        Sheema Chaudhry, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Anh-Thu P. Mai-Windle,
                       Senior Litigation Counsel; Imran R.
                       Zaidi, Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Ping Long Li, a native and citizen of the People's Republic of China, seeks review of a November 23, 2009, order of the BIA affirming the April 18, 2008, decision of Immigration Judge ("IJ") Barbara A. Nelson, which denied his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ping Long Li*, No. A096 263 774 (B.I.A. Nov. 23, 2009), *aff'g* No. A096 263 774 (Immig. Ct. N.Y. City Apr. 18, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA's decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The agency's adverse credibility determination fits well within those standards. *See Secaida-Rosales v. INS*, 331 F.3d 297, 307 (2d Cir. 2003) (finding that an adverse credibility determination must be based on "specific, cogent

2

reasons" that "bear a legitimate nexus" to the finding).

The agency reasonably determined that Li's assertion, that his wife was in hiding so that family planning officials would not become aware of her pregnancy, was inconsistent with the record evidence, which demonstrated that, three days before she gave birth, she voluntarily went to a government office in order to obtain new identity documents.  This inconsistency led the agency to reasonably conclude that, although medical evidence corroborated the fact that Li's wife was sterilized, Li failed to present adequate credible evidence demonstrating that his wife had been subjected to a forced sterilization.

Moreover, the agency reasonably found that this specific discrepancy related directly to the basis of Li's claim of persecution.  Because the discrepancy related to whether Li's wife actually needed to hide her pregnancy, the discrepancy relates to the issue of whether her sterilization was voluntary or involuntary.  Consequently, because there would be no reason for Li to resist his wife's voluntary sterilization, the inconsistency also affects the veracity of Li's "other resistance" claim.  These findings constitute adequate support for the agency's adverse credibility determination.  *See Xian Tuan Ye v. Dep't of*

3

*Homeland Security*, 446 F.3d 289, 294 (2d Cir. 2006). The IJ was not compelled to credit the explanations Li sought to offer for this discrepency. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Li makes no specific arguments challenging the agency's denial of his withholding of removal or CAT claims before this Court. Even assuming that Li's challenge to the agency's adverse credibility determination suffices to challenge the agency's denial of each of his applications for relief, that determination undermines each claim as they were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4